OPINION JUDGMENT ENTRY
{¶ 1} Plaintiffs-appellants Health Administrators of America, Inc. and Charles F. Booher appeal the November 3, 2003 Judgment Entry of the Delaware County Court of Common Pleas finding interest due and payable from defendants-appellees American Medical Security, Inc., American Medical Security Insurance Company and United Wisconsin Life Insurance Company pursuant to a Commission Agreement as of April 10, 2000.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} The following facts are relevant to this appeal. Appellant Charles Booher was engaged in the business of selling various types of insurance benefit plans to individuals and businesses. He eventually organized an Ohio domiciled insurance company titled American Benefit Life Assurance Company.
{¶ 3} In 1992, Booher negotiated a transfer of his insurance company to appellee American Medical Security, Inc. ("AMS"), representing the transfer of approximately $23,000,000.00 in annual premiums. On May 1, 1992, Booher and AMS executed a Commission Agreement, specifying a commission schedule and payments Booher would receive for the existing business he transferred and the eventual renewal of the business.
{¶ 4} On August 30, 1996, AMS terminated Booher, withholding commission payments due under the agreement.
{¶ 5} On September 17, 1996, appellants filed an action seeking judgment against appellees, including a cause of action for breach of the Commission Agreement.
{¶ 6} On December 24, 1996, appellants filed a motion for summary judgment. On August 26, 1997, Judge Shaw granted summary judgment in favor of appellant Booher, as to Count I, finding the Commission Agreement binding between the parties. The trial court ordered appellees pay Booher commissions pursuant to and calculated by the Commission Agreement, plus interest at the rate of 10% per annum.
{¶ 7} On July 16, 1998 the trial court appointed Magistrate George E. Lord to hear and determine all remaining issues. Trial commenced on January 25, 1999. On February 7, 2000, Magistrate Lord entered his Decisions and Orders granting judgment in favor of appellants on Count One and Three. On April 10, 2000, Judge Shaw adopted Magistrate Lord's Decisions and Orders in their entirety.
{¶ 8} Both parties appealed the decision and, on March 29, 2001, this Court entered an Opinion affirming the judgment of the trial court in part, and reversing and remanding in part only for the purpose of recalculating the appropriate amount due by applying a 5.5% commission rate as to the Union Teamsters account. Accordingly, this Court affirmed the judgment of the trial court finding commissions payable to Booher plus interest.
{¶ 9} On June 20, 2002, Magistrate Lord awarded appellants $3,567,620.00 as to count one. On June 26, 2002, Magistrate Lord issued a Nunc Pro Tunc decision clarifying a typographical error as to another count. Both parties requested the magistrate issue findings of fact and conclusions of law. Specifically, appellees argued the judgment as to count one should bear interest from April 10, 2000, the date of Judge Shaw's Judgment Entry, and not from August 26, 1997, when Judge Shaw entered summary judgment in favor of appellants.
{¶ 10} On April 21, 2003, Judge Duncan Whitney appointed Magistrate Joseph Schmansky to preside over the case due to Magistrate Lord's death. Judge Whitney ordered the parties to submit proposed findings to Magistrate Schmansky.
{¶ 11} On September 16, 2003, Magistrate Schmansky issued his Decision and Entry, recommending the trial court reject Magistrate Lord's determination of the amount due as of October 1, 2001, including calculation of interest from February 1, 1999, and instead find interest does not begin to run until April 10, 2000, the date the court entered final judgment.
{¶ 12} On November 3, 2003, Judge Whitney adopted the magistrate's recommendation and entered judgment accordingly.
{¶ 13} Appellants now appeal raising the following assignments of error:
{¶ 14} "I. The trial court erred by failing to follow the mandate of the August 26, 1997 judgment entry issued by Judge Shaw that ordered the defendants-appellees to pay plaintiff booher interest at the rate of 10% per annum on commissions due pursuant to and calculated by the commission agreement executed by the parties on May 1, 1992, which such judgment entry was adopted and approved by this appellate court.
{¶ 15} "II. The trial court erred by failing to read judge Shaw's Judgment Entry of August 26, 1997 in congruence with its subsequent entry of April 10, 2000, when such second entry did not alter the first entry.
{¶ 16} "III. The trial court erred when it used an incorrect "principal judgment" amount in its conclusions of law when calculating future commissions owed to plaintiff booher, which resulted in an unjust windfall to defendants-appellees."
 I, II
{¶ 17} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we address the assignments together.
{¶ 18} Judge Shaw's August 26, 1997 Judgment Entry orders AMS to pay Booher "commissions pursuant to and calculated by the Commission Agreement, plus interest at the rate of 10% per annum."
{¶ 19} At trial, appellant's witness Dale Hyers calculated the value of past and future commissions owed to Booher, assuming twenty years of lost commissions owed to Booher, discounted to an amount reflecting a payment as of the present-date. Hyers calculated the present-value of the amount owed as of February 1, 1999. Magistrate Lord included the present value calculation in the February 7, 2000 entry.
{¶ 20} On March 29, 2001, this appellate court affirmed Judge Shaw's August 26, 1997 Judgment Entry which found the Commission Agreement binding between the parties, and pursuant to the Agreement, found commissions payable to Booher, plus interest. This Court reversed and remanded only as to the calculation of interest for one of the accounts. Accordingly, Judge Shaw's finding commissions due and payable under the Commission Agreement, plus interest, was affirmed on appeal.
{¶ 21} Prior to February 1, 1999, a portion of the commissions were paid to appellant. The February 1, 1999 calculation by Hyers which was adopted by the trial court represented the present value of future commissions owed to appellant as of that date. The due date for the payment of commissions per the Commission Agreement was accelerated to February 1, 1999 as a result of the present-value calculation adopted by the trial court, bringing the future payment date to a present date. As a result, AMS received a discount on the total monies due appellant, and, in exchange for the discount, the due date for the payments accelerated. Accordingly, we find commissions became due and payable on February 1, 1999, upon being reduced to present value.
{¶ 22} Based upon the above, reading the August 1997 and February 1999 entries together, we find interest should begin to accrue on the discounted dollar amount on February 1, 1999.
{¶ 23} Appellant's first and second assignments of error are sustained.
 III
{¶ 24} Based upon our disposition of the first and second assignments of error, we find appellant's third assignment of error moot.
{¶ 25} The judgment of the Delaware County Court of Common Pleas is reversed and remanded to the trial court for further proceedings in accordance with the law and this opinion.
Hoffman, P.J., Farmer, J. and Boggins, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is reversed and remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs assessed to appellee.